IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 25, 2017 at Knoxville

**CARL BOND v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 10-01325          Chris Craft, Judge**

_____

**No. W2016-00691-CCA-R3-PC**

_____

The petitioner, Carl Bond, was convicted by a Shelby County jury of one count of aggravated robbery. Over a year after this Court affirmed his conviction, the petitioner filed a petition for post-conviction relief. The trial court subsequently denied the petition on its merits. Following our review of the record and pertinent authorities, we conclude the petition was untimely, and this Court is without jurisdiction to consider this appeal. Accordingly, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Monica Timmerman, Memphis, Tennessee, for the appellant, Carl Bond.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Amy P. Weirich, District Attorney General; and Carla Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

A Shelby County jury convicted the petitioner of aggravated robbery, for which he received a sentence of seventeen years in confinement at 100%. *State v. Carl Bond*, No. W2011-02518-CCA-R3-CD, 2013 WL 772780, *1 (Tenn. Crim. App. Feb. 27, 2013) *perm. app. denied* (Tenn. Aug. 14, 2013). On February 27, 2013, his conviction was affirmed by this Court on direct appeal, and the Tennessee Supreme Court denied his

application for permission to appeal on August 14, 2013. *Id.* The petitioner filed his *pro se* petition for post-conviction relief on July 22, 2015, well over a year after the final decision by the highest appellate court from which the petitioner sought relief, arguing in part, counsel was ineffective on numerous grounds and prosecutorial misconduct. The trial court appointed counsel, who filed an amended petition for post-conviction relief, and held an evidentiary hearing on the petition. The State did not raise the timeliness of the petition, and the trial court treated the petition as timely. The trial court ultimately denied the petition, and this appeal followed.

*Analysis*

On appeal, the petitioner alleges trial counsel provided ineffective assistance because he failed to make an offer of proof concerning the petitioner's potential testimony during a hearing determining the admissibility of the petitioner's prior criminal convictions. The State argues the petitioner received effective assistance of counsel. Following our consideration of the record, pertinent law and authorities, and arguments of the parties, we conclude the petition for post-conviction relief was untimely, so the trial court did not have jurisdiction to consider the petition and neither do we. Accordingly, we dismiss the petitioner's appeal and remand the matter to the trial court for proceedings consistent with this opinion.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.* Tennessee Code Annotated section 40-30-102 subpart (b) states that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period" and then sets out the following three exceptions to this rule:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b). In addition, the Tennessee Supreme Court has held the statute of limitations for filing a post-conviction petition should be tolled in limited circumstances when "strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State,* 44 S.W.3d 464, 468 (Tenn. 2001) (citing *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992)).

While neither the State nor the trial court addressed the application of the statute of limitations, this Court has previously concluded that "[g]iven the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Antonio L. Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004) *perm. app. denied* (Tenn. June 1, 2004). Accordingly, if we conclude the trial court did not have jurisdiction to consider a petition for post-conviction relief because it was untimely and due process did not require the tolling of the statute of limitations, we must dismiss the appeal even if the State failed to raise the statute of limitations at the trial level, and the trial court treated the petition as timely. *Stephen Willard Greene v. State*, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022, at *5 (Tenn. Crim. App. April 25, 2007), *no perm. app. filed*.

This case does not fall within the three exceptions set forth in Tennessee Code Annotated section 40-30-102(b) that allow for the filing of a petition for post-conviction relief outside the one-year statute of limitations, and our review of the record does not show the petitioner was "denied the reasonable opportunity to assert a claim in a meaningful time and manner." *Seals v. State,* 23 S.W.3d 272, 279 (Tenn. 2000).

The petitioner had one-year from "the date of the final action of the highest state appellate court to which an appeal is taken" to file his petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a). Our Supreme Court denied the petitioner's application for permission to appeal on August 14, 2013. Therefore, the petitioner had until August 14, 2014, to file his petition for post-conviction relief, yet he waited until July 22, 2015,

to seek relief.[1]  The petition was untimely.  Accordingly, we conclude that the petition for post-conviction relief should be dismissed as time-barred, and we have no jurisdiction to review the merits of the petitioner's claims.  *See Jonathan Adams v. State*, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *3 (Tenn. Crim. App. Mar. 21, 2013), *perm. app. denied* (Tenn. Aug. 14. 2013).

### *Conclusion*

Based on the foregoing authorities and reasoning, we conclude that the petition is barred by the one-year statute of limitations for filing a petition for post-conviction relief and dismiss the appeal.

_____
J. ROSS DYER, JUDGE

---

[1] Attached to the petitioner's *pro se* petition is a note to the clerk's office in which the petitioner claims that he filed a petition for post-conviction relief in January 2014, and that he sent a letter on December 17, 2014, inquiring about the status of that petition.  He also notes, however, that the clerk's office wrote him on April 6, 2015, informing the petitioner they had no record of a petition filed by or on behalf of the petitioner.  Unfortunately, the petitioner offered no further proof relating to this alleged prior petition in his amended petition or during the post-conviction hearing.  The petitioner bears the burden of pleading and proving that the statute of limitations should be tolled on due process grounds.  *Raymond Andrew Herbst v. State*, No. M2014-01918-CCA-R3-PC, 2015 WL 4575140 (Tenn. Crim. App. July 30, 2015) *perm. app. denied* (Tenn. Nov. 24, 2015); *see also* Tenn. Sup. Ct. R. 28, § 5(F)(4).